Filed 8/2/22 P. v. Villegasluna CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094220 |
| v. | (Super. Ct. No. 20CF00514) |
| MIRELLA ANABEL VILLEGASLUNA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Mirella Anabel Villegasluna asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We requested supplemental briefing from the parties regarding the possible impact of ameliorative sentencing legislation, including Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5) (Assembly Bill 124) and Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567), which both amended Penal Code section 1170[1] and

---

[1] Undesignated statutory references are to the Penal Code.

1

went into effect while defendant's appeal was pending.[2]  Having considered the parties' supplemental briefs and their joint motion for calendar preference and request for immediate issuance of remittitur,[3] and having reviewed the record, we will affirm defendant's convictions but vacate her sentence and immediately remand the matter for resentencing.

I

During the relevant time period, defendant was in an abusive relationship with her boyfriend, who threatened to kill her and her family if she did not force her daughter to engage in sex acts with him.  Defendant forced and instructed her nine-year-old daughter to orally copulate the boyfriend and also forced her daughter to receive oral sex from the boyfriend.  Marijuana, pay-owe sheets, and a large amount of cash were located in defendant's apartment, and defendant admitted that she cultivated the marijuana for sale.

In September 2020, defendant pleaded no contest to acting in concert with force to commit oral copulation on a victim under 14 years of age (§ 287, subd. (d)(2)), along

---

[2] Three bills amending section 1170 were enacted and signed into law on the same date during the 2021-2022 legislative term -- Assembly Bill 124, Senate Bill 567, and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, § 2) (Assembly Bill 1540).  Senate Bill 567, which takes precedence because it bears the highest chapter number and was enacted last (Gov. Code, § 9605, subd. (b); *In re Thierry S.* (1977) 19 Cal.3d 727, 738-739), states that if all three bills amending section 1170 are enacted and become effective on or before January 1, 2022, and Senate Bill 567 is enacted last, then section 1.3 of that bill, which incorporates the amendments proposed by Senate Bill 567, Assembly Bill 124, and Assembly Bill 1540, shall become operative. (Stats. 2021, ch. 731, § 3.)

[3] Following supplemental briefing, the parties waived oral argument and submitted a joint motion for calendar preference and request for immediate issuance of remittitur so that defendant can be resentenced while she is housed in the county jail on another matter. (Cal. Rules of Court, rules 8.272(c)(1), 8.366(a).)  We treat the joint request for immediate issuance of remittitur as a stipulation by the parties. The joint motion for calendar preference is denied as unnecessary.

with misdemeanor possession of cannabis for sale (Health & Saf. Code, § 11359, subd. (b)), in exchange for dismissal of the remaining counts with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) The parties stipulated to the probation report as the factual basis for the plea. The parties also executed a stipulated judgment in a related civil forfeiture action whereby defendant agreed to forfeit $10,700. Under the terms of the written plea agreement, probation and sentencing were left to the trial court's discretion.

The trial court appointed a forensic clinical psychologist, Dr. Don Stembridge, under section 1203.067 to determine defendant's mental condition, whether she would pose a threat to her daughter if probation were granted, and whether she would benefit from sex offender therapy. Dr. Stembridge reported that defendant had experienced, among other things, sexual abuse as a child and post-traumatic stress disorder as a result of battered woman syndrome. After considering defendant's history and the nature of her offenses, Dr. Stembridge opined that defendant's sexual offenses were largely motivated by the terror and trauma inherent in her relationship with an abusive boyfriend and that she would pose a minimal risk of harm to her daughter if granted probation. According to Dr. Stembridge, offenders with a similar risk analysis were often safely treated in the community with close probation supervision.

In May 2021, the trial court sentenced defendant to the upper term of 14 years in prison on the oral copulation conviction and a concurrent six months for the marijuana offense. The trial court ordered defendant to pay various fines and fees, awarded 541 days of presentence credit (471 actual days and 70 conduct days), and issued a 10-year criminal protective order under section 136.2 prohibiting defendant from having contact with her daughter. Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

3

issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

While this appeal was pending, the Governor signed Assembly Bill 124 and Senate Bill 567, both effective January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c).) We requested supplemental briefing on the possible impact of the new legislation.

In her supplemental brief, defendant argues the enactments apply to her case and that the matter must be remanded for resentencing because both enactments affect the trial court's discretionary decision to impose the upper term sentence on the oral copulation conviction. The People agree remand is warranted, and we do too.

Generally, a penal statute does not apply retroactively unless the legislation expressly states its retroactive effect. (§ 3.) There is an exception to this general rule for statutes reducing criminal punishment, which, absent a statement to the contrary, apply retroactively to all cases that were not final when the legislation takes effect. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745.) Under *Estrada*, we presume that an amendatory statute that lessens punishment applies to all nonfinal cases as of the amendatory statute's effective date, unless the enacting body clearly signals its intent to make the amendment prospective, by including either an express saving clause or its equivalent. (*People v. Lara* (2019) 6 Cal.5th 1128, 1134.)

Senate Bill 567 amended sections 1170 and 1170.1 to limit the trial court's discretion to impose the upper term. A trial court may not impose a sentence greater than the middle term unless aggravating factors justify doing so and the facts have been established in specified ways. (§ 1170, subd. (b)(1), (2), (3).) In addition, subdivision (b)(6) provides that unless a lower term would be contrary to the interests of justice, "the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] . . . [¶] (C) Prior to the instant offense, or

4

at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking."

In this case, the record indicates defendant may have been the victim of intimate partner violence and may have experienced childhood trauma, including abuse. (§ 1170. subd. (b)(6)(A) & (C).) Because defendant's case is not yet final and Senate Bill 567, which does not contain an express savings clause, affects the trial court's decision to impose the upper term on the oral copulation conviction, we will remand the matter for resentencing. (*In re Estrada, supra*, 63 Cal.2d at pp. 744-745.)

Having undertaken an examination of the entire record and having found no other arguable error that would result in a disposition more favorable to defendant, we will affirm her convictions and remand for resentencing.

## DISPOSITION

Defendant's convictions are affirmed. Her sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with current sentencing laws. Pursuant to California Rules of Court, rule 8.272(c)(1), the clerk of this court is directed to immediately issue the remittitur.

/S/

MAURO, Acting P. J.

We concur:


/S/

DUARTE, J.


/S/

EARL, J.

5